TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
COLIN S. SCOTT (Cal. Bar No. 318555)
Assistant United States Attorney
National Security Division
      1500 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-3159
      E-mail:    colin.scott@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>                 v.<br><br>VIRGINIA REYES, and<br>ISAI CARRILLO,<br><br>             Defendants. | No. 2:25-cr-00945-MEMF<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**<br>June 22, 2026<br><br>**PROPOSED TRIAL DATE:**<br>March 15, 2027 |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Colin S. Scott, and defendant Virginia Reyes ("defendant Reyes"), both individually and by and through her counsel of record, Gregory Nicolaysen, and defendant Isai Carrillo ("defendant Carrillo"), both

individually and by and through his counsel of record, Deputy Federal Public Defender Claire Kennedy, hereby stipulate as follows:

1.    The Indictment in this case was filed on November 18, 2025. Defendant Carrillo first appeared before a judicial officer of the court in which the charges in this case were pending on October 29, 2025. Defendant Reyes first appeared before a judicial officer of the court in which the charges in this case were pending on October 30, 2025.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 27, 2026.

2.    On November 25, 2025, the Court set a trial date of January 12, 2026 and a status conference date of December 11, 2025.

3.    Defendant Reyes and Defendant Carrillo are each released on bond pending trial.  The parties estimate that the trial in this matter will last approximately four to five days.

4.    On December 11, 2025, the parties appeared for the status conference, and each defendant orally agreed to continue the trial in this case.

5.    The Court has previously continued the trial date in this case from January 12, 2026 to June 22, 2026, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

6.    By this stipulation, defendants move to continue the trial date to March 15, 2027 and schedule a status conference for March 10, 2027.  This is the second request for a continuance.

7.    Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

2

a. Defendants are charged with violations of 18 U.S.C. § 372 (conspiracy to impede and assault federal officers); 18 U.S.C. § 111 (assault on federal officer); and 18 U.S.C. § 372 (depredation of government property). The government has made an initial discovery production containing hundreds of records, including videos, photos, and reports, as well as a subsequent discovery production subject to the protective orders in this matter.

b. Defense counsel represent that they are scheduled to be in trial for the matters listed in Exhibits A and B. Accordingly, counsel represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

c. In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. The parties also need additional time to explore a negotiated resolution of this matter. The government recently extended a plea agreement to both defendants and the parties need additional time to diligently negotiate a resolution.

e. Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

3

f.    The government does not object to the continuance.

g.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

8.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of January 12, 2026 to March 15, 2027, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

//

//

Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: June 4, 2026                    Respectfully submitted,

                                       TODD BLANCHE
                                       Acting Attorney General
                                       BILAL A. ESSAYLI
                                       First Assistant United States
                                       Attorney

                                       IAN V. YANNIELLO
                                       Assistant United States Attorney
                                       Chief, National Security Division


                                       _____/s/_____
                                       COLIN S. SCOTT
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

I am defendant Virginia Reyes' attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 15, 2027, is an informed and voluntary one.

*Gregory Nicolaysen*                                    6/4/26

Gregory Nicolaysen, Esq.                    Date
Attorney for Defendant
Virginia Reyes

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 15, 2027. I understand that I will be ordered to appear in Courtroom 8B of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on March 15, 2027 at 8:30 am.

                                                        06/04/26

Virginia Reyes                              Date
Defendant

6

I am defendant Isai Carrillo's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than March 15, 2027 is an informed and voluntary one.

_____        6/3/2026
DFPD Claire Kennedy                     _____
Attorney for Defendant                  Date
Isai Carrillo

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 15, 2027.  I understand that I will be ordered to appear in Courtroom 8B of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on March 15, 2027 at 8:30 am.

_____        6/3/2026
Isai Carrillo                           _____
Defendant                               Date

7

**EXHIBIT A**

GREG NICOLAYSEN
LIST OF TRIAL CONFLICTS: *(as of 05-19-2026)*


(1)  CASE: USA v. Leonel Laredo, et al., 18-cr-00892 AB
CLIENT: Frank Gomez
(2) AGE OF THE ACTION: Indictment filed 12-20-18
(3) CHARGES AND COMPLEXITY: 26 defendant case; 15 defendants remain; all defendants
not arrested at the same time; some made first appearances as late as 2020
(4)  NATURE OF CASE - RICO - gang
(5)  TRIAL DATE: 6-9-26 (settlement likely)
(6) ESTIMATED LENGTH OF TRIAL:
(7) NUMBER OF PRIOR CONTINUANCES: Eight
(8) PARTIES  TRIAL READINESS:
(9) LIKELIHOOD OF A FUTURE CONTINUANCE: High
(10) LIKELIHOOD THE TRIAL WILL PROCEED ON THE SCHEDULED DATE: lOW

-----------------------------------------

(1)  CASE: USA v. Martinez, et al, CR 8:22-cr-00034-CJC
CLIENT: Robert Martinez
(2) AGE OF ACTION: Indictment filed: 3-20-22; Superseding: 4-20-22
(3) CHARGES AND COMPLEXITY: 31 defendant case; 14 defendants remaining; client
number one defendant; notice of complex case filed.
NATURE OF CASE: RICO - gang
(4)  TRIAL DATE: 8/4/26
(5) ESTIMATED LENGTH OF TRIAL
(6) NUMBER OF PRIOR CONTINUANCES: Defendants have been separated into groups.
Defendant Martinez has received four continuances; other groups have different sets of
continuances.  One defendant is pro se.
(7) PARTIES TRIAL READINESS:
(8) LIKELIHOOD OF FUTURE CONTINUANCE: Government is still producing discovery
with John Ellis office.
(9) LIKELIHOOD THE TRIAL WILL PROCEED ON THE SCHEDULED DATE: HIGH

(1)  CASE: USA v. Virginia Reyes, 2:25-cr-00945 MEMF
Client: Virginia Reyes
(2) AGE OF CASE: Indictment filed: 10-28-25
(3) CHARGES AND COMPLEXITY: 18 USC 372
NATURE OF CASE: Conspiracy to Impede a Federal Officers
(4)  TRIAL DATE:  6/22/26 (continuance being arranged to 9/28/2026)
(5) ESTIMATED LENGTH OF TRIAL:
(6) NUMBER OF PRIOR CONTINUANCES: None
(7) PARTIES TRIAL READINESS:
(8) LIKELIHOOD OF A FUTURE CONTINUANCE: Likely
(9) LIKELIHOOD THE TRIAL WILL PROCEED ON THE SCHEDULED DATE:

------------------------------------------

(1)  CASE: USA v. Henry Loconti, et al., 2:24-cr-00219 MCS
CLIENT: Timothy Munoz
(2) AGE OF CASE: Indictment filed: 4-2-24
(3) CHARGES AND COMPLEXITY: Notice of complex case filed; Related case filed; multiple
defendants still to be arrested
NATURE OF CASE: RICO, Wire Fraud
(4)  TRIAL DATE: 1-26-2027
(5) ESTIMATED LENGTH OF TRIAL:
(6) NUMBER OF PRIOR CONTINUANCES: None
(7) PARTIES TRIAL READINESS:
(8) LIKELIHOOD OF A FUTURE CONTINUANCE: LOW
(9) LIKELIHOOD THE TRIAL WILL PROCEED ON THE SCHEDULED DATE: HIGH

_____

(1)  CASE:  USA v.. Victor Daniel Meza Ortiz; CR 2:23-cr-00653-DSF -8
CLIENT: Carlos Espinoza
(2) AGE OF INDICTMENT: Indictment filed 12-21-23
(3) CHARGES AND COMPLEXITY: Notice of complex case filed.  Related Case filed;
multiple defendants
NATURE OF CASE: 21:963: Conspiracy to Import / Distribute Controlled Substances
(4)  TRIAL DATE: 12-08-2026
(5) ESTIMATED LENGTH OF TRIAL:
(6) NUMBER OF PRIOR CONTINUANCES: 2
(7) PARTIES' TRIAL READINESS:
(8) LIKELIHOOD OF FUTURE CONTINUANCE: LOW

(9) LIKELIHOOD TRIAL WILL PROCEED ON SCHEDULED DATE: LOW

---

(1)  CASE: USA v. Amaya Armstead; 2:25-cr-00651-JFW
CLIENT: Naziz Harris
(2) AGE OF ACTION: Indictment filed: 8-7-25
(3) CHARGES AND COMPLEXITY: Notice of complex case filed.
NATURE OF CASE: 18 U.S.C. 1962 (d); RICO; 18 U.S.C. 1581; Sex Trafficking of Children or
by Force, Fraud or Coercion; 18 U.S.C. 2423(a): Transportation of a minor for Sex Trafficking;
18 U.S.C. 2251: Sexual Exploitation of a Child; 21 U.S.C. 846: Drug Trafficking Conspiracy; 18
U.S.C. 1956: Money Laundering
(4)  TRIAL DATE: 10-20-26
(5) ESTIMATED LENGTH OF TRIAL:
(6) NUMBER OF PRIOR CONTINUANCES: 1
(7) PARTIES' TRIAL READINESS:
(8) LIKELIHOOD OF FUTURE CONTINUANCE:
(9) LIKELIHOOD TRIAL WILL PROCEED ON SCHEDULED DATE: MODERATE-TO-
HIGH

---

(1)  CASE: USA v. Richardson, 2:25-cr-00359 MCS-3
(2)  CLIENT: Jerry Wimbley III
(3)  AGE OF CASE: Indictment filed 5-8-25
(4)  CHARGES AND COMPLEXITY: Notice of Complex Case filed; Related Case filed;
multiple defendants.
(5)  NATURE OF CASE:   18 U.S.C. 1962 (d); RICO (murder - death eligible)
(6)  TRIAL DATE:   Continuance being arranged to June 2027
(7)  ESTIMATED LENGTH OF TRIAL: One month
(8)  PARTIES TRIAL READINESS: Not ready - no protective order and no discovery
(9)  LIKELIHOOD OF A FUTURE CONTINUANCE: Likely
(10) LIKELIHOOD THE TRIAL WILL PROCEED ON THE SCHEDULED DATE:

---

(1) CASE: U.S.A. v. Miguel Adrian Gonzalez; 2:25-cr-00969 AH
CLIENT: Miguel Adrian Gonzalez
(3)  AGE OF CASE: Indictment filed: 10-27-25
(4)  CHARGES AND COMPLEXITY: 18:2251A(b): Offering to Obtain Custody of Minor with
Intent to Produce Child Pornography
(5)  NATURE OF CASE:  18 U.S.C. 2252; Activities related to material involving sexual
exploitation of a minor
(6)  TRIAL DATE:  7/21/26
(7)  ESTIMATED LENGTH OF TRIAL:
(8)  PARTIES TRIAL READINESS:

(9)  LIKELIHOOD OF A FUTURE CONTINUANCE:   Likely
(10) LIKELIHOOD THE TRIAL WILL PROCEED ON THE SCHEDULED DATE: LOW

*[end of conflicts list]*

**EXHIBIT B:**

**TRIAL CONFLICTS FOR DEPUTY FEDERAL PUBLIC DEFENDER CLAIRE KENNEDY, COUNSEL TO DEFENDANT ISAI CARRILLO**

- **06/15/2026 – USA v. Chams Eddine Hmayen          (2:25-cr-999-SB)**
  - An alien in possession of ammunition trial expected to last 3-4 days. A motion to suppress is fully briefed and currently pending with the Court.
- **07/07/2026 – USA v. Jose Alfredo Birruetta       (2:24-cr-502-JLS)**
  - A possession with intent to distribute trial expected to last 2-3 days. Two continuances have been granted. The defense plans to conduct an evidence inspection soon, and request additional discovery. The defense expects to request a third continuance.
- **07/28/2026 –    USA v. Heriberto Galvan          (2:23-cr-217-FMO)**
  - A fentanyl distribution resulting in death trial expected to last 4-5 days. Several continuances have been granted. The defense expects that this case will either resolve before this date. Trial is unlikely in this matter.
- **08/10/2026 –     USA v. Antonio De La Rosa        (2:25-cr-1031-MCS)**
  - Aiming a Laser Pointer at an Aircraft trial expected to last 2-3 days. One continuance has been granted. The defense is working to review a recent production of discovery, and is unsure if another continuance will be needed at this time. The defense hopes to resolve this matter by the currently scheduled date.
- **12/08/2026 – USA v. Desi Ponce De Leon           (2:25-cr-695-MWF)**
  - A conspiracy to distribute trial expected to last 4-5 days. Two continuances have been granted. The parties hope no others will be needed.
- **05/24/2027 – USA v. Yi-Chun Lin                  (2:25-cr-426-SB)**
  - A trafficking in counterfeit goods or services trial expected to last 2-3 days. The case has been continued three times, and a pretrial diversion agreement has been executed by the parties. At this point, the defense does not expect this case to proceed to trial.